BROCK VS. SMITH.

Smith without license, felled timber and split it up into cord wood, upon vacant land belonging to the United States. Before the wood had been removed, Brock purchased the land from the United States, obtaining a Receiver's certificate of purchase. Smith though notified by Brock not to do so, went upon the land and removed the wood. Brock sued him in trespass for breaking and entering his close and taking therefrom the wood in question. Brock never had been in pos-. session of the land.

HELD, That Smith acquired no title to the timber, and the bestowal of his labor in splitting it up into cord-wood, neither wrought a change in its specific character or gave him any title by accession.

That when the trees were severed they became personal property, and belonged to the owner of the soil, in this instance, the United States, who had constructive possession of the wood, and could have maintained trespass or trover in respect of the same.

The principle decided in *Floyd vs. Ricks* at July, 1853, was that a growing crop partakes of the nature of realty, so, that, as between vendor and vendee, a sale of land passes the crop growing upon it, unless there be an express reservation: but in this case the severed trees being chattels, not in any sense fixtures, or attached to the realty, Brock acquired no title to the wood by his purchase of the land.

The owner of vacant or wild land, having title, may maintain trespass, upon his constructive possession for an injury to the realty; but it is only by virtue of the statute that the action can be maintained upon an equitable title derived from the government before the emanation of a patent.

Brock having no title to the wood, had no constructive possession of it; and never being in possession of the land, had no actual possession of the wood which would enable him to maintain trespass against a mere stranger or wrong doer; and no presumption arises from the mere act of purchase, that he became bailee or agent for the owner of a chattel so situated, or acquired any special property in it.

Upon the facts stated the plaintiff cannot recover the value of the wood, but is entitled to nominal damages for the wrongful and unauthorized act of the defendant in entering upon the land.

*Appeal from the Circuit Court of Desha county.*

The Hon. J. C. MURRAY, Circuit Judge, presiding.

CURRAN, for the appellant. Every question presented in this case is determined by the decision made in the case of *Floyd vs. Ricks*, at the last term.

The question is not changed by the fact that the wood had been cut before Brock purchased the land. The doctrine of accession does not apply. The law will not allow a man to acquire title to property upon the principle of accession if he take the property wilfully as a trespasser. 2 *Kent. Com.* 363. *Betts & Church vs. Lee,* 5 *John. R.* 348.

Smith acquired no title to the wood by cutting it down; and being on the land when Brock purchased it passed to him.

PIKE & CUMMINS, contra. Under our laws and the policy of the general Government, settlers upon the public lands are not trespassers. They are encourged to settle and improve the lands, to the end they may become owners of the fee. As to their rights in the use of the land,—its productions and proceeds—they should be treated as owners in fee. *Hughes vs. Sloan,* 3 *Eng.* 149. 6 *Munf.* 142, 148. 1 *Lom. Dig.* 35. 1 *Ark.* 465. 5 *Stew. & Port.* 82. *Sec.* 25 *ch.* 67 and *sec.* 2 *ch.* 60, *Rev. St.* 3 *Ham.* 321. *Lytle et al. vs. State et al.,* 9 *How.* 333.

The cord-wood had become Smith's by the accession of his labor; and on surrendering his possession he had the right to enter and remove it. 4 *Kent.* 109, 110. 1 *Lom. Dig.* 34, 35, &c. 10 *B. & Cress.* 721. 2 *Bailey* 4. 2 *Kent* 360, 361.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellant, Brock, who was the plaintiff below, sued the defendant in trespass for breaking and entering his close, and taking therefrom a quantity of cord-wood; to which the defendant pleaded not guilty.

The facts proven, as shown by the bill of exceptions, were, that in the year 1849, the defendant cut fifty cords of wood on the land mentioned in the declaration, while the same was public land belonging to the United States. In the month of June, 1850, the plaintiff entered, or purchased the land in question from the United States, and it became his private property; but the only evidence, introduced by the plaintiff to show title in himself, was the certificate of the Register of the land office, that he had entered and located the same by virtue of a Choctaw certificate, and also the Receiver's receipt for the amount of money paid in by the plaintiff for the purchase of the excess of land over and above the number of acres called for by the Choctaw certificate. To the introduction of which evidence, it being at the same time admitted that the plaintiff never had been in possession of the land, the defendant objected, upon the ground that trespass could not be maintained. It further appeared that, at the time the plaintiff purchased the land, the cord-wood referred to was still upon it, not having been removed, and shortly afterwards he gave the defendant notice that the land was his, and not to to remove the wood from it. Notwithstanding such notification the defendant went upon the land, carried off the cord-wood and sold it. Wood standing in the tree was worth ten cents per cord, but when cut into cord-wood and after being hauled to the river, was worth one dollar and fifty cents per cord.

Each party asked for instructions : the plaintiff insisting that, upon the facts stated he was entitled to maintain the action, and recover of the defendant under the statute, three times the value of the wood carried off: and it was insisted on behalf of the defendant, that if he was liable it was only for the value of the timber in the tree, and not for its increased value after it was cut

54

into cord-wood. The court charged the jury, that if Smith cut the wood upon Government land, and after the wood was cut, and before the same was removed, Brock purchased the land from the Government, the right of the wood was in Smith, and he was not guilty of a trespass in taking it off. The jury being so instructed found for the defendant.

It is argued for the plaintiff that the opinion in *Floyd vs. Ricks,* decided at July term, 1853, determines all the questions presented on this record. And it is argued for the defendant that by virtue of the pre-emption laws and the general policy of the land system of the United States, recognized by our statutes, he had an implied license to cut timber on the vacant public lands, and that in consequence of his labor bestowed, the wood became his by right of accession.

The legislation of this State, making improvements on the public lands assets in the hands of the administrator, *Digest p.* 122, *sec.* 63, authorizing ejectment to be maintained for them, with or without a right of pre-emption, *ib. p.* 454, *sec.* 3, subjecting them to execution, where the defendant is not residing on, or cultivating the same, *ib. p* 498, *sec.* 25, is all subordinate to the primary right of soil and disposition remaining in the Federal Government, and does not profess to interfere with it. And this is fully admitted by the decisions upon this subject, as affected by those statutes. *Pelham vs. Wilson,* 4 *Ark.* 289. *Hughes vs. Sloan,* 3 *Eng.* 146. *Pelham vs. Floyd.* 4 *ib.* 530. *McFarland vs. Matthis,* 5 *ib.* 560. The case of *Wilcox vs. Jackson,* 13 *Peters,* is a controlling authority, to the effect, that the States have no power to interfere with the unqualified right of the United States, to dispose of the public domain. It does not appear that the defendant had any settlement or improvement upon the land in question, which would give him any claim as a pre-emptor. If he had any such claim, it was lost by his own fault or neglect in failing to comply with the terms prescribed by the acts of Congress. The fact that the United States made a valid sale of the land to the plaintiff, implies that the defendant had no rights in the premises: and as held in *Floyd vs. Ricks,* he must be regard-

ed as a trespasser. Being such, he acquired no title to the wood by accession, 2 *Kent* 363; nor was such a change wrought in the character of the timber by the act of the defendant, in splitting it up into cord-wood, as to make it his by conversion. *Betts vs. Lee*, 5 *John*. 38. The wood therefore continued to belong to the owner of the land from which it had been severed.

In *Floyd vs. Ricks*, the facts, so far as material to the present case, were that Ricks had an improvement on public land and a crop growing upon it. While the crop was growing and before it was gathered, Floyd purchased the land from the United States. He entered upon the land, and gathered a portion of the crop, and for thus taking it away, Ricks sued him in trespass. For aught that appeared, Ricks occupied the position of a mere intruder on the land of another person, and his improvements, made there without license, became attached to the freehold, and belonged to the owner of the soil. And even if he had an implied license under the pre-emption laws, he forfeited all right to the gratuity by neglecting to comply with the terms on which he might have obtained it. The case therefore had to be determined upon general principles affecting all ordinary transfers of land. And though growing crops are for some purposes regarded as personalty, being subject to execution against a tenant, and the sale of them as personalty, contemplating an after severance, need not be in writing within the statute of frauds, yet they do so far partake of the nature of realty, that as between vendor and vendee, the sale of the land passes the growing crop along with it, unless there be an express reservation. Though there may be some conflict in the cases, that such is the law is fully established by the weight of authority. And it followed that the purchaser of the land, having become owner of the crop growing upon it, so far from being liable as a trespasser for gathering the crop, if the position of the parties on the record had been reversed, Floyd could have maintained the action against Ricks for carrying off any portion of it.

But in this case when the trees were severed, though the ownership of them was not changed, they became personalty. 1

*Crabbe Law of Real Prop.* 20, citing *Bewick vs. Whitfield*, 3 *P. Wms.* 268, and *Channon vs. Patch*, 5 *Barn. & Cress.* 897, in which latter case the contest between landlord and tenant, respecting certain trees which had been felled, turned upon the difference between timber and pollards. See also 1 *Hilliard Ab.* 56. And in *Mooers vs. Wait*, 3 *Wend.* 104, there was, from the facts appearing in the report, a severe application of the principle stated by the court, that "when trees or anything else attached to the freehold, are unlawfully detached therefrom, the property thus wrongfully separated from the freehold becomes the personal property of the owner of the inheritance."

Some extreme cases are to be found of chattels passing to the vendee under the head of fixtures; such as manure in heaps, which has been collected upon the land for agricultural purposes; so a fencing, though the rails have been torn down; and detached parts of machinery, occasionally used in connection with it. But there is no intimation here that the wood in question was ever designed to be converted into a fixture, or was in any way adapted for agricultural purposes. There is no authority for holding that chattels not attached to the freehold, and not partaking of the nature of realty, pass by a sale of the land to the vendee.

The owner of the land at the time of the severance, being the owner of the cord-wood, might have maintained trespass or trover against Smith, for taking it away or converting it to his own use. The only remaining enquiry is, whether this plaintiff had any special property in it, which would enable him to maintain this action. At the common law he could not have brought trespass, because he had not possession of the land. The first relaxation of this rule, and which was necessary to protect the owners of vacant land or wild lands, allowed trespass to be maintained upon a constructive possession, where the plaintiff had title. *Ledbetter vs. Fitzgerald*, 1 *Ark.* 448, ever since followed in this State, though as a consequence it becomes an indirect mode of litigating the title to land. Then as great quantities of land were held under equitable titles, derived from the government, not perfected into grants by unavoidable delay in the

emanation of patents, the statute authorized actions of eject-ment and trespass to realty to be maintained upon the evidence of a receipt or certificate of purchase, issued by a land officer of the United States, See *Floyd vs. Ricks*. There can be no good reason for holding that the plaintiff's constructive possession of the land, based upon an equitable title, gave him any possession of the wood, which had been cut and lying upon it. The owner of the wood had a constructive possession of it; but it is admitted that the plaintiff had no actual possession, which would be ne-cessary to support the action against a mere stranger or wrong-doer. The bailee of a chattel, who has a special property in it by the express or implied license of the owner, may maintain an action in respect of any injury done to it, and may protect his possession as against a wrong-doer, because, he is pre-sumed to hold possession for the owner, and is in some way ac-countable to him. The vendor of land would have a reasonable privilege of entry to remove a chattel of his, that might be upon it at the time of sale accompanied with actual possession, but no presumption arises from the mere act of sale, that the vendee, who never had possession of the land, would become bailee or agent for the owner of a chattel so situated, or in any manner bound to protect it from injury or waste done by a stranger.

The plaintiff is not entitled to recover the value of the wood in damages. But upon the facts stated, he would be entitled to nominal damages for the wrongful and unauthorized act of the defendant in entering upon the land for the purpose of carrying off the wood, to which he had no claim. Upon this ground the judgment will have to be reversed and the cause remanded for proceedings in accordance with the opinion here expressed.