## HINKLE v. HINKLE.

CONVEYANCE.—*Personal Property on Land Conveyed.*—Personal property on land does not pass to a purchaser of the land by virtue of the deed.

SAME.—*Reservation of Personal Property.*—*Question for Jury*—In such case, whether there was a reservation of the personal property, or whether it was a part of the consideration for the trade, are questions for the jury on the evidence.

From the Cass Circuit Court.

*D. Turpie, H. D. Pierce, D. B. Graham* and P.H. *Mc-Greevy*, for appellant.

*D. B. McConnell, R. B. Stimson* and *A. S. Guthrie*, for appellee.

SCOTT, J.—Riley Hinkle sued John L. Hinkle, before a justice of the peace of Carroll county, to recover three hundred and fifty fence stakes, and two hundred and twenty oak boards, which Riley Hinkle claimed belonged to him. A trial by a jury in the justice's court resulted in a verdict for John Hinkle. An appeal was taken to the Carroll Circuit Court, and, on the application of Riley Hinkle, the venue was changed to the Cass Circuit Court. A trial in the Cass Circuit Court, by a jury, resulted in a verdict for Riley Hinkle, and, over a motion for a new trial, final judgment was rendered on the verdict, from which this appeal is prosecuted. The only questions for the determination of this court arise on the alleged error of the circuit court in overruling the appellant's motion for a new trial.

John L. Hinkle, being the owner of several tracts of land, made these stakes and boards and piled them on a certain eighty-acre tract. The stakes and boards were intended for general repairs.

On the 20th day of October, 1873, John L. Hinkle and wife conveyed the land on which these stakes and boards were piled to Riley Hinkle. Riley claimed the stakes and boards by virtue of the deed, and John L. claimed that the stakes and boards were reserved in the trade. The evidence is in the record, and is somewhat conflicting on the question of an express reservation, but there is no pretence that Riley Hinkle owned the property, unless it passed to him by virtue of the deed executed by John L. Hinkle and wife.

The court instructed the jury as follows:

" The plaintiff could become the owner of the property in controversy and mentioned in the complaint, in two

ways: 1st. If the timber, out of which said fence stakes were made, was brought by the defendant upon the land afterward by him sold and conveyed to plaintiff, no difference from where or whom the same may have been obtained, and were upon the same manufactured into fence stakes, and if the clapboards were manufactured upon said tract of land, and ricked or piled on the same, and if said fence stakes and clapboards were upon said tract of land at the time the deed for the same was executed and delivered by defendant to plaintiff, for the purpose of being used for the repairs of the fence and buildings on said tract of land, then they would belong to and be a part of the realty, and would pass to the plaintiff by virtue of said deed of conveyance, unless expressly and by the terms of said deed reserved by the defendant."

There are other instructions in the record, but they do not in any way modify this instruction, and the court, in another instruction, having told the jury that they were bound to take the law from the court, there was nothing for the jury to do but to return a verdict for the plaintiff, Riley Hinkle.

This court is of the opinion that the instruction was erroneous. Personal property on land does not pass to a purchaser of the land by virtue of the deed, "unless expressly, and by the terms of the deed, reserved." As to whether there was a reservation of this property, or whether it was a part of the consideration for the trade, we do not decide, for those were questions for the jury on the evidence. But what we do decide is, that the stakes and clapboards in controversy did not pass to Riley Hinkle by virtue of the deed executed by John L. Hinkle and wife to him, the said Riley Hinkle. *Brock* v. *Smith,* 14 Ark. 431.

The judgment is reversed, and the cause remanded, with instructions to the circuit court to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.