MORGAN UTILITIES, INC., *v.* KANSAS CITY LIFE
INSURANCE COMPANY.

Opinion delivered March 9, 1931.

*G. E. Garner,* for appellant.
*Carmichael & Hendricks,* for appellee.

McHANEY, J.   On July 20, 1926, appellee sold and conveyed by deed of that date to Jewell Realty Company a plantation in Chicot County, Arkansas, known as "Sunnyside," and for a large portion of the purchase price took a mortgage from the Jewell Realty Company as security therefor.   There was located upon said land at the time of the sale and mortgage a gin which was treated by both parties as a part of the realty and was included in both the deed and mortgage as such, although not particularly mentioned therein.   Located in the gin building was a Fairbanks-Morse 80 H. P. oil-burning engine which weighed 25,000 pounds, set upon a heavy concrete base with bolts imbedded in the concrete.   At-

tached to said engine was a large oil tank buried some 4 or 5 feet in the ground. In November, 1926, fire destroyed the gin and did considerable damage to the engine. The loss was adjusted by the insurance company having the risk with the Jewell Realty Company on a basis of about $800 damage to the engine and tank.

The Jewell Realty Company being in default in the payment of its indebtedness, appellee brought suit against it in April, 1928, to foreclose its mortgage, and in November, 1929, D. S. Clark was appointed receiver to take charge of the mortgaged property and rent out the land. The Jewell Realty Company is a foreign corporation not authorized to do business in Arkansas, but it entered its appearance in the foreclosure suit and was represented by an attorney who was present, together with its vice president, when the receiver was appointed. About December 12, 1929, the vice president of the Jewell Realty Company sold and delivered said engine and tank to appellant, Morgan Utilities, Inc., for a consideration of $500. Appellee did not discover that the engine and tank had been removed from the premises until about April 4, 1930. Prior to this time a decree of foreclosure had been entered, the sale advertised, and on April 5, the property was sold, pursuant to the decree of the court, at which sale the commissioner announced that it included said engine, but no personal property. Shortly thereafter citation was issued against appellant to show cause why it should not return said engine and tank to appellee, it being the purchaser at the foreclosure sale. On a hearing the fact was developed that said engine had never been set up and operated by appellant. The court made an order directing appellant to return it to the receiver. Appellant refused to obey the order, was held for contempt until bond was given, which was done, and appellant set up, began operating the engine and now has it in its possession. Thereafter appellant filed an intervention claiming the engine under its purchase, asked that the Jewell Realty Company be made a party, and that, if

the court held the engine to be the property of appellee, it have judgment against the Jewell Realty Company. The realty company answered that it could not be sued in this State because it had never complied with the law relating to foreign corporations, had not designated an agent for service, and that the service had upon the State Auditor was void as to it, which should be quashed.

Upon a hearing the trial court held that the engine was the property of appellee, and ordered that it be restored to it, found it to be of the value of $2,000, and entered judgment against appellant and its surety in the sum of $2,000 and against Jewell Realty Company in the sum of $500 in favor of appellant, from which Morgan Utilities and Jewell Realty Company have appealed, and appellee has taken a cross-appeal.

The court found that the engine and tank were fixtures, and we think the preponderance of the evidence supports such finding. The engine was a ponderous piece of machinery, weighing 10½ tons, was set on a concrete foundation several feet in thickness with 8 bolts buried in the concrete. Both engine and tank were used to operate the gin and the undisputed evidence shows that they were sold with the land as a part thereof, with a mortgage back on the same property sold. In addition to this it was the intention of the parties that they should be fixtures, and the intention of the parties is one of the principal rules in determining whether an article is a chattel or an irremovable fixture. In *Ozark* v. *Adams,* 73 Ark. 227, 83 S. W. 920, the rules for determining this question are stated in the first syllabus as follows: ''The rules for ascertaining whether an article is a chattel or an irremovable fixture are as follows: (1) real or constructive annexation of the article in question to the realty; (2) appropriation or adaptation to the use or purpose of that part of the realty with which it is connected; (3) the intention of the party making the annexation to make a permanent accession to the freehold, this intention being inferred from the nature of the article

affixed, the relation and situation of the party making the annexation, and the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation has been made.''

As above stated, the undisputed evidence shows that the title to the gin and all the equipment therein passed to the gin and all the equipment therein passed to the Jewell Realty Company by the deed from appellee and back to appellee by the mortgage. It was considered as realty by both parties and no special mention was made thereof either in the deed or mortgage. By its mortgage to appellee, the Jewell Realty Company parted with the legal title to the realty and all fixtures which had become a permanent accession to the freehold, and retained only an equitable interest therein. Therefore, it necessarily follows that, not having the legal title, it could convey none, except such as it had. But appellant says that, since the engine had gone through a fire which rendered it unfit for use without extensive repairs, it became personal property, ceased to be a fixture, even though it had formerly been such and was subject to sale as personal property by the Jewell Realty Company. We do not think so. In 11 R. C. L., p. 1066, the rule is stated thus: ''But, on a mere temporary severance of articles which possessed the character of fixtures, they still remain a part of the realty, and likewise where the severance is by accident, at least until the owner, by appropriation or otherwise, converts the parts accidentally detached into personalty.'' Here the owner of the legal title, appellee, did not sever the fixture from the realty, nor was it done with its knowledge or consent, but against its will. If it could be said that it was severed by the fire, still it continued to be a part of the realty to which appellant acquired no title, as against appellee, in its purchase from the realty company.

Appellant also contends that it was not properly in court. The record shows it was cited to show cause why it should not return the property and an order was made

against it to return same. It thereafter voluntarily entered its appearance, intervened in the action, and set up its title to the property. We therefore think that the court had jurisdiction of appellant as also of the Jewell Realty Company.

As to the value of the property, the court found it to be $2,000, which we think is supported by the preponderance of the evidence. It is true that appellant paid only $500 for it, but it was buying only such title as the Jewell Realty Company had. Appellant had knowledge, either actual or constructive, of appellee's mortgage on the property and knew or should have known that it could acquire no title as against appellee. The proof shows the engine cost $4,200 about three years before the fire, and that the fire damage was adjusted at $800. Appellee's evidence was to the effect that the engine and tank were worth a minimum of $2,000 at the time it was sold to appellant, and we think the preponderance of the evidence supports the court's finding of the value of $2,000. It is true that appellant has repaired the engine at a cost of approximately $1,500, but this can make no difference. The effect of this action is in the nature of a suit for conversion, and the measure of damages is the value of the property at the time it was converted.

We are therefore of the opinion that the court was justified in rendering a judgment against appellant for the value of the property, $2,000. We are also of the opinion that the court correctly rendered judgment against Jewell Realty Company in the sum of $500, the amount received by it for said property. The case will be affirmed both on the appeal and cross-appeal.