Douglas SANDERS *v.* Billy PUTMAN

93-140                                                         866 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered December 6, 1993

*Walters Law Firm*, for appellant.

*Robert E. Irwin*, for appellee.

TOM GLAZE, Justice. Appellant Douglas Sanders filed suit in Yell County Municipal Court against Appellee Billy Putman, and alleged Putman, a tenant, damaged Sanders' rental house trailer. The municipal court awarded judgment against Putman in the amount of $2,429.36, plus costs and interest.

Sanders subsequently garnished Danville State Bank and Georgia Putman, and as a result, found the Bank held a certificate of deposit (CD) in the name of Georgia Putman, as trustee for Billy Putman. The municipal court held a hearing and testimony showed the CD in question had been purchased by proceeds payable to Billy under his deceased-father's life insurance policy. The court initially ruled that these life insurance proceeds (CD) were exempt from garnishment under the terms set out in Ark. Code Ann. § 16-66-209 (1987).[1] However, the court later changed its holding and held Sanders was entitled to seize those proceeds because § 16-66-209 had been declared unconstitutional by a United States Bankruptcy Court. *See In Re Hudspeth*, 92 B.R. 827 (Bkrtcy, W.D. Ark. 1988); *see also In Re Holt*, 894 F.2d 1005 (8th Cir. 1990); Robert Laurence, *In Re Holt and the Re-making of Arkansas Exemption Law: Commentary after the Rout*, 43 Ark. L. Rev. 235 (1990).[2]

Putman appealed the municipal court's final decision to the Yell County Circuit Court which reversed the municipal court judgment. In reversing, the court found the life insurance proceeds in issue had been placed in trust and were subject to spendthrift provisions which protected them against garnishment. In reaching its decision, the circuit court did not rely upon § 16-66-209; nor did it rule on that statute's constitutionality. Sanders brings this appeal, and argues the circuit court

---

[1]The statute provides that moneys paid or payable to any resident of this state as the insured or beneficiary designated under any insurance policy or policies providing for the payment of life, sick, accident, or disability benefits shall be exempt from liability or seizure under judicial process of any court and shall not be subjected to the payment of any debt by contract or otherwise by any writ, order, judgment, or decree of any court. However, the validity of any sale, assignment, mortgage, pledge, or hypothecation of any policy of insurance, or, if any avails, proceeds, or benefits thereof, shall in no way be affected by the provisions of this section.

[2]The record reflects different municipal court judges and their respective orders were involved, but the final judgment appealed from was in Sanders' favor, permitting him to garnish the proceeds.

erred in finding the proceeds Sanders garnished were a part of a spendthrift trust.

Before addressing Sanders' point for reversal, we first consider Putman's argument that the municipal court never had subject matter jurisdiction to award Sanders a judgment in the first place because Sanders' action involved damage to real estate. *See* Ark. Const. amend. 64; Ark. Code Ann. §§ 16-17-206(a) and 16-17-704 (1987); *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988). Putman cites *Miles* for the proposition that if the municipal court had no jurisdiction of Sanders' cause, the Yell County Circuit Court acquired none on appeal.

Putman's reliance on the foregoing constitutional, statutory and case law is misplaced because the circuit court here found that the damages sought and obtained by Sanders resulted from a breach of contract, not from damage to real estate. Putman, on the other hand, claimed Sanders' loss involved damages Putman administered to Sanders' house trailer which was a fixture since it had been assessed as real estate. The circuit court determined that, while Putnam showed Sanders assessed the trailer as real estate, Putman's proof fell short of establishing Sanders' house trailer to be a fixture or realty because no evidence was produced showing how the trailer was attached to the ground or whether the trailer's removal would cause damage to the real estate.

██ Whether personal property becomes a fixture by annexation to the land depends upon the annexer's manifested intention, which can be shown by material considerations such as the character of the fixture as related to the use to which the land is being put and the manner in which the property is attached to the land. *Kearbey* v. *Douglas*, 215 Ark. 523, 221 S.W.2d 426 (1949); *see also Farmers Mutual Ins. Co.* v. *Denniston*, 237 Ark. 768, 376 S.W.2d 252 (1964) (where court upheld trial court's finding that a house trailer was personal property and had not become a fixture). Here, we agree with the court's conclusion that Putman's assessment evidence was insufficient to show Sanders intended his trailer to be a fixture. Putman simply failed to present any evidence as to whether Sanders' house trailer was attached to the land or whether Sanders intented the trailer to remain on the premises. *Farmers Mutual Ins. Co.*, 237 Ark. 768, 376 S.W.2d 252.

■ We also agree with Sanders' contention on appeal that Putman failed to prove that his CD funds were part of a spendthrift trust. A spendthrift trust is one created to provide support for a designated beneficiary and to guard against his improvidence. *Pool, Trustee* v. *Cross County Bank*, 199 Ark. 144, 133 S.W.2d 19 (1939). It is a well-established principle that a spendthrift trust can only be created by an express restraint on alienation. *Miller, Trustee* v. *Maryland Casualty Co.*, 207 Ark. 312, 180 S.W.2d 581 (1944). This court has also adopted the principle that a mere trusteeship, even though it is for the protection of the beneficiaries, ought not, as a matter of taste, if for no other reason, to be called a spendthrift trust. *Pool*, 199 Ark. 144, 133 S.W.2d 19.

■ The record fails to reflect the introduction into evidence of any will with a trust provision or any trust agreement whatever. Nor was the insurance policy in issue offered as evidence by either party. The only indication that a trust existed was a check in the amount of $20,000 payable by an insurance company to Billy Putman's trustee. From this one piece of evidence, the trial judge found that these insurance proceeds or CD constituted spendthrift trust funds which were protected from creditors. The circuit court's finding was based upon pure speculation (or at least on somethng outside the record), and in this respect, we must hold his finding was clearly erroneous. *See Rich Mountain Electric Cooperative, Inc.* v. *Revels*, 311 Ark. 1, 841 S.W.2d 151 (1992).

Having found the circuit court erred, we must reverse and remand.