Billy PUTMAN, Appellant
Georgia Putman, Garnishee
*v.* Douglas SANDERS, Appellee

94-301 878 S.W.2d 407

Supreme Court of Arkansas
Opinion delivered July 5, 1994

*Robert E. Irwin*, for appellant.

*Walters Law Firm*, by: *Michael Hamby*, for appellee.

ROBERT H. DUDLEY, Justice. Douglas Sanders filed suit in municipal court and alleged that Billy Putman had damaged his rental house trailer. The municipal court awarded Sanders a judgment. Putman did not satisfy the judgment, and Sanders learned that a bank held a certificate of deposit in the name of Georgia Putman as trustee for Billy Putman. Sanders filed a garnishment action against the bank and sought a lien on the certificate of deposit. Testimony in the municipal court showed that the certificate was purchased with proceeds payable to Billy under his deceased father's life insurance policy, but there was no testimony or instrument showing there was a restraint on alienation of the proceeds of the policy. The municipal court held the certificate of deposit was subject to garnishment.

Putman appealed to circuit court, and the circuit court reversed the ruling of the municipal court. The circuit court ruled that the life insurance proceeds had been placed in trust and were subject to spendthrift provisions which protected the certificate of deposit from garnishment. Sanders appealed to this court and argued that the circuit court erred in ruling the certificate of deposit was part of a spendthrift trust. We held that "a spendthrift trust can only be created by an express restraint on alienation," and, since there was no showing of a restraint on alienation, the circuit court erred in holding the proceeds were protected in the garnishment action. *Sanders* v. *Putman*, 315 Ark. 251, 254, 866 S.W.2d 827, 829 (1993). Accordingly, we reversed.

We also remanded the case. It was necessary for us to remand the case to the circuit court in order to reinvest the circuit court with jurisdiction to hear the garnishment proceeding. When the circuit court again had jurisdiction, Putman attempted to put on evidence, for a second time, to establish a spendthrift trust. Sanders objected and argued that the issue of the existence of a spendthrift trust had been decided and had become law of the case. The circuit court ruled the spendthrift trust issue had been determined and entered an order affirming the initial judgment

of the municipal court that the certificate of deposit was subject to garnishment. Putman appeals and argues that the trial court erred in refusing him a second chance to put on evidence of a spendthrift trust. We affirm the ruling of the circuit court.

█ It was necessary for us to remand the case, whether it was a general remand for retrial or a limited remand to pursue the garnishment. See *Overton Constr. Co.* v. *First State Bank*, 285 Ark. 361, 688 S.W.2d 268 (1985), for discussion of limited remand and general remand. This court's earlier remand of this case was, in fact, a limited remand for the purpose of reinvesting the circuit court with jurisdiction to continue with the garnishment action. Thus, the trial court's ruling in excluding additional evidence on the merits of the case was correct. *See Earney* v. *Sharp*, 312 Ark. 9, 846 S.W.2d 649 (1993).

█ Even if the remand had been a general remand we would still affirm the trial court. Appellant contends that our ordinary procedure in reversing judgments in law cases is to remand for another trial, rather than dismiss the cause of action. That is our general rule in *damage* actions, subject to certain exceptions. *See, e.g., Little Rock Newspapers, Inc.* v. *Dodrill*, 281 Ark. 25, 660 S.W.2d 933 (1983). However, even if this had been a damage action, rather than a garnishment action, which is a special statutory proceeding, *see Travelodge Int'l, Inc.* v. *Handleman Nat'l Book Co.*, 288 Ark. 368, 705 S.W.2d 440 (1986), and even if it had been on general remand for a new trial, appellant's abstract does not reflect any new pleadings, and his offer of proof does not show a restraint on alienation. In the first appeal we wrote: "The record fails to reflect the introduction into evidence of any will with a trust provision or any trust agreement whatever. Nor was the insurance policy in issue offered as evidence by either party." *Sanders*, 315 Ark. at 254, 866 S.W.2d at 829. The proffer of evidence upon remand, an alleged unprobated will which was outside the time limit for probate, *see* Ark. Code Ann. § 28-40-103 (1987), would not show a restraint on alienation. Thus, even if this had been a damage suit and even if there had been a general remand, in which case the circuit court would have erred in refusing the evidence, it reached the right result because no valid restraint on alienation would have been shown.

Affirmed.